**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0594-18T3

WILLIAM MUNDORFF,

     Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

     Respondent.

_____

          Submitted February 24, 2020 – Decided April 22, 2020

          Before Judges Sabatino and Sumners.

          On appeal from the New Jersey State Parole Board.

          William Mundorff, appellant pro se.

          Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Christopher Josephson, Deputy Attorney General, on the brief).

PER CURIAM

William Mundorff, an inmate at South Woods State Prison, appeals the New Jersey State Parole Board's (the Board) August 29, 2018 final agency decision denying him parole and imposing a 180-month Future Eligibility Term (FET). We affirm.

Following a jury's guilty verdict two months earlier, Mundorff was convicted on May 20, 1981 for murder, N.J.S.A. 2C:11-3, and aggravated sexual assault, N.J.S.A. 2C:14-2, of a nineteen-year-old woman, and given a life sentence with a mandatory-minimum term of twenty-five years.

In July 2005, Mundorff became eligible for parole for the first time after serving approximately twenty-four years. Parole was denied, and a FET of 180-months was imposed.

In 2017, Mundorff became eligible for parole for the second time. A parole hearing officer referred the matter to a two-member Board panel, which on June 22, 2017, denied parole. In determining there was a substantial likelihood Mundorff would commit a new crime if he was released, the panel cited numerous reasons, including but not limited to: the facts and circumstances of the murder offense; an extensive and increasingly more serious prior criminal record; the commission of numerous, persistent, and serious prison institutional infractions, sixteen since his last parole hearing with the most recent one in

January 2016; lack of remorse for the victim; risk assessment evaluation; and mental health issues. The panel also acknowledged several mitigating factors, including but not limited to: opportunities on community supervision completed without any violations; participation in institutional programs; favorable institutional adjustment; restored commutation time; and achievement of minimal custody status. In addition, the panel requested a three-member Board panel establish a FET outside the presumptive twenty-seven-month limit. N.J.A.C. 10A:71-3.21(a)(1).

On August 23, 2017, the three-member panel confirmed the denial of parole and established a 180-month FET. Six weeks later, the panel set forth its reasoning in a seven-page written decision, essentially citing the same reasons for denial and recognizing the same mitigating factors as the two-member panel did in denying parole. The panel noted that with commutation time, earned work credits, and minimum custody credits, Mundorff's parole eligibility date is in March 2025.

Mundorff appealed to the full Board, which affirmed the panels' decisions for essentially the same reasons in a four-page written decision.

In this appeal, Mundorff contends:

POINT I

THERE WERE INSUFFICIENT REASONS TO DENY PAROLE.

POINT II

THE PUNITIVE ASPECT HAS BEEN SERVED.

POINT III

A LIFE SENTENCE SHOULD NOT BE THE DEATH PENALTY.

POINT IV

THE ACOLI[1] RULING SHOULD NOT APPLY.

POINT V

THE ACOLI RULING VIOLATES THE ADMINISTRATIVE APPEAL PROCESS.

In reviewing a final decision of the Board, we consider: (1) whether the Board's action is consistent with the applicable law; (2) whether there is substantial credible evidence in the record as a whole to support its findings; and (3) whether in applying the law to the facts, the Board erroneously reached a conclusion that could not have been reasonably made based on the relevant facts. Trantino v. N.J. State Parole Bd., 154 N.J. 19, 24 (1998). The Board's

---

1 Acoli v. N.J. State Parole Bd., 224 N.J. 213 (2016)

decision to grant or deny parole turns on whether "there is a substantial likelihood the inmate will commit" another crime if released. Williams v. N.J. State Parole Bd., 336 N.J. Super. 1, 7-8 (App. Div. 2000). The Board must consider the factors enumerated in N.J.A.C. 10A:71-3.11(b)(1)-(23) in making its decision. The Board, however, is not required to consider each and every factor; rather, it should consider those applicable to each case. McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 561 (App. Div. 2002).

An inmate serving a minimum term in excess of fourteen years is ordinarily assigned a twenty-seven-month FET after a denial of parole. See N.J.A.C. 10A:71-3.21(a)(1). However, N.J.A.C. 10:71-3.21(d) allows a three-member panel to establish a FET outside of the administrative guidelines if the presumptive twenty-seven-month FET is "clearly inappropriate due to the inmate's lack of satisfactory progress in reducing the likelihood of future criminal behavior."

We have considered the contentions raised by Mundorff and conclude they are without sufficient merit to warrant discussion in this opinion, R. 2:11-3(e)(1)(E), and we affirm substantially for the reasons expressed by the Board in its thorough decision. We add the following remarks.

The Board's action is consistent with the applicable law, there is substantial credible evidence in the record to support its findings, and the Board reached conclusions based on relevant facts. The Board made extensive findings, which we need not repeat here, demonstrating the basis for its decision to deny Mundorff's parole. The Board provided multiple reasons for imposing a 180-month FET, which although lengthy, is neither arbitrary nor capricious, and Mundorff may actually be eligible to be released on parole in March 2025. Hence, the FET is not as severe as it may first appear. On this record, we have no reason to second-guess those findings or conclusions and thus defer to the Board's expertise in these matters.

Further, because we affirm the Board's decisions, there is no reason to consider whether Acoli applies as Mundorff argues. In Acoli, the Board had previously denied the inmate's application for parole twice. 224 N.J. at 216. On the inmate's third application, the two-member panel again denied parole, and the three-member panel established a 120-month FET. Id. at 218. The inmate filed an administrative appeal, and the Board considered the record developed by the hearing officer and panels but did not conduct a full hearing. Ibid. The Board again denied parole and the inmate appealed. Id. at 219. In an unpublished opinion, we ordered the Board to "expeditiously set conditions for

. . . parole" and declined to remand the matter to the Board. Ibid. The Supreme Court granted the Board's petition for certification, and the Board argued this court erred by ordering the inmate's parole rather than a hearing before the full Board as required by N.J.S.A. 30:4-123.55(f). Ibid. The Court agreed and remanded the matter to the Board for an evidentiary hearing and determination as to the inmate's "suitability for parole release." Id. at 232. Since we have determined here, there is sufficient credible evidence in the record for the Board's decision to deny parole, and it is within its legal authority to impose a 180 month FET, there is no concern the Board's procedures failed to comply with the applicable statutes, as was concluded by the Acoli Court. Thus, we have no reason to remand to the Board for further proceedings.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-0594-18T3